## Greene County Coal Tax Appeals.

Argued October 6, 1930. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

*Arthur B. Van Buskirk,* with him *Samuel McClay,* of *Reed, Smith, Shaw & McClay, W. J. Kyle,* of *Kyle & Reinhart* and *Carl E. Glock,* for appellants.—The assessments in these cases violate the uniformity required by the Constitution and laws of the Commonwealth: Lehigh & Wilkes-Barre Coal Co. v. Luzerne Co., 225 Pa. 267; D., L. & W. R. R. Co.'s Tax Assessment, 224 Pa. 240; R. R. v. County Commissioners, 229 Pa. 436.

The legal basis for determining the assessable value of real estate is the "actual selling value": Lehigh & Wilkes-Barre Coal Co. v. Luzerne Co., 225 Pa. 267; D., L. & W. R. R. Co.'s Tax Assessment, 224 Pa. 267.

In assessing appellants' properties, the board of revision failed to take into consideration those elements of value which this court has held are essential in the determination of values: Coal & Iron Co. v. County Commissioners, 229 Pa. 460; Lehigh & Wilkes-Barre Coal Co.'s Assessment, 298 Pa. 294; Shanopin Coal Co. v. Greene Co., 280 Pa. 4; Penna. Stave Co.'s App., 236 Pa. 97.

The action of the trial court in refusing to allow appellants a deduction of six per cent from the acreage of coal, and which deduction is allowed to the owners of surface and coal and of surface alone, violate the provisions of the law as to uniformity: Scranton v. Coal Co., 256 Pa. 332; Breisch v. Coal Co., 267 Pa. 546; Mineral R. & M. Co. v. County Commissioners, 229 Pa. 436.

*Challen W. Waychoff,* with him *Ambrose Bradley* and *A. A. Purman,* for appellee.—In the present cases, the territorial limits within which a uniform tax shall be levied is Greene County: Lehigh & Wilkes-Barre Coal Co. v. County, 225 Pa. 267.

A uniform ratio of assessed to real value was adopted throughout Greene County: Lehigh & Wilkes-Barre Coal Co.'s Assessment, 225 Pa. 272.

All of appellants property was assessed at the uniform ratio of assessed to actual value adopted by the board of revision for the entire county, i. e., 50 per cent: Penna. Coal Co.'s Assessment, 257 Pa. 320; Phila. & Reading C. & I. Co. v. Commrs., 229 Pa. 460; White v. R. R., 222 Pa. 534; Lally v. R. R., 215 Pa. 436.

OPINION BY MR. JUSTICE SCHAFFER, November 24, 1930:

These seven appeals by Cumberland Coal Company, Henry A. Phillips, Piedmont Coal Company and Greene County Coal Company will be disposed of in a single opinion, as they involve, when reduced to final analysis, but one question.

The proper assessment of coal lands has been one of the most perplexing governmental questions with which the courts of this Commonwealth have had to deal, as our reports and those of the lower courts within whose districts such lands are located will show. Tax assessments are not a matter of formula; they are a matter of judgment in each individual case. "Common sense and practical everyday business experience are the best guides for those intrusted with the administration of tax laws": Harleigh Realty Co.'s Case, 299 Pa. 385, 390.

Appellants' counsel state their position thus: Township assessors and county commissioners sitting as a board of revision may not assess all bituminous coal in the Pittsburgh or river vein within the territorial limits of a township at the same value, disregarding differences in actual or market values by reason of great differences of distance from the river or rail transportation and other factors entering into values where it is undisputed that the actual or market value of the coal varies throughout the township and that the coal fronting on the river and railroads possesses a value twice that of the coal lying back from the river and extending to a distance of nine or ten miles. Our answer must be that they may so assess it, and the courts may not alter individual assessments, provided they do not fix the value at a figure in each instance greater than the fair market value of each owner's property, or, as in the cases before us, higher than the percentage of value, here fifty per cent uniformly fixed throughout the county.

None of appellants has shown that its or his property in the market is not worth double the assessment fixed by the county commissioners and court below. Since they fixed fifty per cent of market value as they conceived it to be, appellants without showing a less value for their properties have no standing to complain. It does not avail a landowner challenging an assessment to show that some other properties are assessed at less than their market value or its proportion as fixed by the assessing

authorities, unless he can show that his assessment is greater than fair market value or proportionately so. It is not for the courts to raise assessments of properties alleged to be assessed too low, as to which no appeals have been taken, we deal only with those before us on appeal, to determine whether they are above the market value line, or proportionately so. "In the case at bar appellant points to the fact that the lands of some of its neighbors, although just as valuable as those under consideration, have been assessed at a much lower valuation. For this reason it is urged that there was an unfair discrimination in the valuations to the prejudice of appellant and in disregard of the rule requiring uniformity. In some of the instances called to our attention the difference in valuation is so marked as to require explanation by the assessors who made the assessments and whose duty it was under the law to make and return a just valuation of each tract in their respective districts. But, if assessors fail to do their duty by making an assessment of some particular tract or tracts too low and the board of revision fails to equalize the valuations upon a uniform basis, the courts can only give relief in cases brought before them on appeal......and have no power to revise and equalize assessments generally..... Appellant complains......because some other tracts of land in the neighborhood, the valuations of which were not appealed from, were assessed below the uniform standard. In other words, not by reason of failure to assess appellant's lands according to the uniform rule applied generally in the district, but because some tracts in the neighborhood were assessed below that standard of valuation. We agree with the learned court below that this position is not tenable;......courts can only compel a valuation of the lands under consideration to be made upon the basis of general uniformity in the district": Mineral Railroad & Mining Co. v. Northumberland Co. Comrs. (No. 1), 229 Pa. 436, 452. The fifty per cent ratio throughout the county having been uniformly

fixed and appellants not having shown that their assessments as made are in excess of fifty per cent of the fair market values of their property, have no standing to complain, it matters not what other assessments of other properties not before us may be.

We think appellants' able counsel do not seriously contend for the second proposition which they advance, that, because the assessing authorities made an allowance to farm lands of six per cent of their acreage for the burden of public roads, a similar allowance should be made for their clients' coal three or four hundred feet below the surface. To so determine would require an entry into the domain of the ridiculous. We do not pass upon the question whether such allowance should have been made in those instances where it was. There are no appeals as to these specific properties before us.

The decrees of the court below are affirmed at the cost of appellants.